**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ADRIAN GOMEZ-UREABA,** | § | |
| **Petitioner,** | § | |
| | § | **3:16-CV-1949-D** |
| **v.** | § | **3:15-CR-0060-D** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**I.  Procedural Background**

Petitioner has filed a motion to vacate, set aside or correct his sentence, pursuant to 28

U.S.C. § 2255.  Petitioner is an inmate in the federal prison system.  Respondent is the United

States of America.

On March 19, 2015, Petitioner pled guilty to illegal reentry after deportation.  On July 2,

2015, the district court sentenced him to 34 months in prison.  On July 13, 2015, Petitioner filed

a notice of appeal with the Fifth Circuit Court of Appeals in cause number 15-10670.

Petitioner's direct appeal is currently pending.

**II.  Discussion**

A district court may not adjudicate the merits of an application for post-conviction relief

if a direct appeal is pending before the court of appeals. *Fassler v. United States*, 858 F.2d 1016,

1019 (5th Cir. 1988).  Petitioner's appeal is currently pending before the Fifth Circuit.

Therefore, Petitioner is precluded from seeking post-conviction relief at this time.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that the District Court summarily

dismiss without prejudice Petitioner's motion to vacate, set-aside, or correct sentence pursuant to

28 U.S.C. § 2255.

Signed this 12th  day of September,  2016.


_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).